PER CURIAM.
The plaintiff-former wife appeals an order denying her petition for modification of a final decree of divorce. The order appealed fully sets forth the factual background necessary to decide the appeal.
“The plaintiff herein, Julia Gertrude Cross, filed suit for divorce on June 29, 1961, in this court. On August 1, 1961, an answer was filed by the defendant.
“At a final hearing held on August 3, 1961, the plaintiff, represented by counsel of her own choice, testified as to the grounds for divorce, corroborated by two witnesses, and also testified that the property settlement agreement entered into by the parties had been read by her, that she understood it and that it was fully satisfactory to her.
“A Final Decree of Divorce was entered on August 3, 1961, and the property settlement agreement made a part of the final decree. Under the terms *838 of the agreement certain monies and stock were to be given the plaintiff, which was done by the defendant and accepted by the plaintiff, together with other benefits under the terms of said agreement.
“On September 28, 1961, thé petition for modification of the separation agreement was filed. Among other matters it was alleged that plaintiff was emotionally upset when she signed the agreement and relied on the representations made by the defendant as to the value of certain properties. That valuations placed on the properties by the defendant were far below the actual valuations. No attack was made on the income of the defendant, which formed the basis for child support. '
“The testimony of Mr. J. T. Gordon, Esquire, whom plaintiff chose to represent her from the outset and who filed the complaint for divorce, shows that at the time of the discussion by Counselor Gordon and the plaintiff, (Tr., pages 6, 7, and 8) the plaintiff at that time before signing the agreement told her counsel that the valuations on the properties should be higher and disagreed with defendant’s valuations. Independent investigation was also made by the plaintiff and her counsel by calls to Tennessee and visits where the bulk of the properties was situated. After these investigations and discussions by the plaintiff and her counsel the agreement was signed. It seems to be undisputed that during this time the plaintiff was emotionally upset but apparently not too upset to cause her to take entirely the word of the defendant as to valuations.
“The agreement was prepared by Mr. Gordon, counsel for the plaintiff, who had the copy of the 1960 income tax return filed by the defendant (Tr., page 25) for reference in such preparation.
“It would be too lengthy to set out the valuations placed on all properties held by the defendant, who is not a real estate man nor expert in valuations, and compare those valuations placed on the same properties by experts in that field who testified, suffice it to say, that the valuations placed on the properties by the experts were much higher than those placed on the properties by the defendant.
“The plaintiff received a lump sum in lieu of alimony.”
The chancellor denied the petition for modification upon the authority of Miller v. Miller, 149 Fla. 722, 7 So.2d 9.
Affirmed.